UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

IN RE:

PAUL HILL                                          CASE NO. 08-60070

DEBTOR

FRANKLIN MAYS
a/k/a FRANK MAYS                                   PLAINTIFF

v.                                                 ADV. NO. 09-6062

PAUL HILL

<u>**MEMORANDUM OPINION**</u>

This matter having come before the Court on a trial held on October 13, 2009, and the matter having been taken under submission, the Court hereby issues this Memorandum Opinion.

The Court has already ruled from the bench that Plaintiff has proven the elements of fraud pursuant to 11 U.S.C. § 523(a)(2). Thus the remaining and dispositive issue is whether this adversary proceeding is time barred because it was not timely filed.

<u>Facts</u>.

1. Defendant filed a chapter 7 bankruptcy petition on January 24, 2008.

2. The date set for the first meeting of creditors was February 28, 2008.

3. The last date on which a complaint could have been timely filed to determine dischargeability was April 28, 2008.

2. Plaintiff was omitted from the schedules and never received a notice of bankruptcy.

3. At a motion hour in state court on February 11, 2008, bankruptcy was discussed, but the Court finds that the evidence is

lacking that Plaintiff was informed that bankruptcy had already been
filed at that time.

   4. At a mediation conference in a state court action on July 18,
2008, bankruptcy was once again discussed, but the evidence is lacking
that Plaintiff was informed that bankruptcy had already been filed at
that time. Furthermore, that date is after the deadline to file a
timely complaint.

   5. At a trial in state court on December 16, 2008, Plaintiff and
his counsel were notified of the bankruptcy.

   6. On July 16, 2009, the complaint in this adversary proceeding
was filed.

   Conclusions of Law.

   Federal Rules of Bankruptcy Procedure 4007 requires a complaint
to determine the dischargeability of a debt under 523(c) shall be
filed no later than 60 days after the date set for the first meeting
of creditors.

   11 U.S.C. § 523(a)(3) provides that a debt neither scheduled nor
listed is not discharged unless the creditor acquires actual knowledge
of the bankruptcy in time to timely file a complaint to determine the
dischargeability of the debt.

   Here, a timely complaint would have been by April 28, 2008; but
evidence is lacking that Plaintiff knew of the bankruptcy filing at
that time. The evidence is that Plaintiff clearly knew of the
bankruptcy on December 16, 2008.

   "Actual knowledge of the case for purposes of this discharge
exception is knowledge received in time to allow a creditor to timely
file a claim and to timely file a complaint to determine the
dischargeability of the debt if it falls within the ambit of section

523(a)(2), (a)(4), (a)(6) or possibly (a)(15)." <u>COLLIER ON BANKRUPTCY</u>

523-69 (15th ed.) citing <u>In re Compton</u>, 891 F.2d 1180 (5th Cir. 1990);

<u>Robinson v. Henderson</u>, 162 So. 2d 116 (La. Ct. App. 1964).

　　　　Here, Plaintiff did not receive actual knowledge of the

bankruptcy in time to timely file a complaint to determine

dischargeability of the debt. Thus the complaint here is not time-

barred.

　　　　This memorandum opinion constitutes the Court's findings of fact

and conclusions of law. A separate order shall be entered granting

judgment for the Plaintiff.


Copies to:

Leroy A. Gilbert, Jr., Esq.
Larry E. Conley, Esq.
Debtor

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document
has been signed by the Judge and electronically entered by the Clerk in the
official record of this case.**



**Signed By:**
**_Joseph M. Scott, Jr._**
**Bankruptcy Judge**
**Dated: Friday, November 20, 2009
(jms)**